## Ex Parte Hernández.

### Appeal from the District Court of San Juan.

#### No. 23.—Decided June 26, 1906.

Justice of the Peace Courts—Authority of Secretary to Administer Oath.—In accordance with the provisions of Section 15 of the Code of Criminal Procedure, which cannot be deemed to have been repealed by the act organizing the judiciary, approved March 10, 1904, secretaries of justice of the peace courts have authority to administer oaths for the filing of complaints before said courts.

The facts are stated in the opinion.

*Mr. Figueroa Maestre* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. Justice Wolf delivered the opinion of the court.

Aniceto Hernández applied to the District Court of San Juan for a writ of *habeas corpus*, alleging that he was imprisoned in the jail of this district by virtue of a warrant in execution of a sentence of the justice of the peace for the city of San Juan. The writ was issued and return thereon made by José C. Berríos, the *alcaide* of the district jail, substantially admitting the facts of the petition. The ground of the application is that the original complaint was sworn to before

the secretary of the court of the justice of the peace and that such secretary has no power to administer oaths to complaints. It is conceded that up to July 1, 1904, the secretaries of the justices of the peace had such power by reason of section 15 of the Code of Criminal Procedure, but it is contended that such section has been repealed by the Act of March 10, 1904, reorganizing the judiciary. It is true that section 3 of that Act provides for the abolition of the "office of justice of the peace and secretaries and clerks of justice of the peace," "at present in existence," but section 4 establishes justices of the peace for the cities of San Juan, Ponce and Mayagüez, and section 6 enacts: "Said justice of the peace shall appoint a competent person to act as secretary for his court." Nothing is said in that act of the power of the said secretary.

The justice of the peace of San Juan, it is provided, shall perform all the duties and functions of police judge. The latter officer had power to name his own secretary and the duties of such secretary were defined by section 101 of the Revised Statutes. Similarly section 15 of the Code of Criminal Procedure permits the justice of peace to name his secretary and the powers of the latter officer are defined by that section. When the Legislature deemed it necessary it defined the powers of the secretary in the law fixing the jurisdiction of the court to which he belonged, but we cannot deduce an intention to abolish such powers from the silence of the Act of March 10, 1904. We think section 15 aforesaid is the source from which the secretary derives his right to swear a complainant, although the secretary to the police judge had the same right.

At the argument some reference was made to section 14 of the Act defining jurisdiction, but it is unnecessary to consider what are the powers of secretaries other than those appointed by reason of section 6, as this proceeding was begun and prosecuted in a court defined and considered under section 3 to 6 of said act.

We do not find that the District Court of San Juan committed error in denying the application of the petitioner, and the order appealed from must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.